**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| Jocelyn A Trombetta<br>　　　　　　Debtor | CHAPTER 13 |
| Wilmington Savings Fund Society, FSB, Not in its individual capacity but solely as Owner Trustee of Golden Channel Trust<br>　　　　　　Movant<br>　vs. | NO. 19-15158 MDC |
| Jocelyn A Trombetta<br>　　　　　　Debtor | 11 U.S.C. Section 362 |
| William C. Miller, Esquire<br>　　　　　　Trustee | |

## **STIPULATION**

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The post-petition arrearage on the mortgage held by the Movant on the Debtor's residence is **$3,110.05,** which breaks down as follows;

| | |
|---|---|
| Post-Petition Payments: | September 2020 at $468.04 per month<br>October 2020 through November 2020 at $468.10 per month<br>December 2020 at $468.17 per month<br>January 2021 at $468.16 per month<br>February 2021 at $468.22 per month<br>March 2021 at $468.29 per month |
| Suspense Balance: | ($167.03) |
| **Total Post-Petition Arrears** | **$3,110.05** |

2. The Debtor(s) shall cure said arrearages in the following manner:

a) On or before March 31, 2021, Debtor shall make a payment to Movant in the amount of $3,110.05, bringing the account post-petition current.

b) Beginning on April 2, 2021, maintenance of current monthly mortgage payments to the Movant thereafter.

3. Should debtor(s) provide sufficient proof of payments (front & back copies of cancelled checks and/or money orders) made, but not credited, Movant shall adjust the account accordingly.

4. In the event the payments under Section 2 above are not tendered pursuant to the terms of this stipulation, the Movant shall notify Debtor(s) and Debtor's attorney of the default in writing and the Debtors may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor(s) should fail to cure the default within fifteen (15) days, the Movant may file a Certification of Default with the Court and the Court shall enter an Order granting the Movant relief from the automatic stay.

5. The stay provided by Bankruptcy Rule 4001(a)(3) is waived.

6. If the case is converted to Chapter 7, the Movant shall file a Certification of Default with the court and the court shall enter an order granting the Movant relief from the automatic stay.

7. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

8. The provisions of this stipulation do not constitute a waiver by the Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

9. The parties agree that a facsimile signature shall be considered an original signature.

Date:  March 1, 2021          /s/Rebecca A. Solarz, Esq.
                              Rebecca A. Solarz, Esq.
                              Attorney for Movant


Date:  *March 9, 2021*        /s/ David M. Offen, Esquire
                              David M. Offen, Esq.
                              Attorney for Debtor(s)

No Objection

Date: March 16, 2021   /s/ LeeAne O. Huggins
William C. Miller, Esq.
Chapter 13 Trustee

Approved by the Court this __ day of _____, 2021.  However, the court retains discretion regarding entry of any further order.

Bankruptcy Judge
Magdeline D. Coleman